DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
VanHavermaatD@sec.gov
MARC J. BLAU, Cal. Bar No. 198162
BlauM@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Acting Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN LUSCKO, GREGORY NEU, JUSTIN MEDLIN, EMERGING HOLDINGS, INC., MASSCLICK, INC., and CHINA SCORE, INC.<br><br>Defendants,<br><br>and<br><br>LYONS CHECKSHOP, INC., MARC PRIMO PULISCI, and TYSON SU<br><br>Relief Defendants. | Case No.: CV 07-2783 DDP (AGRx)<br><br>[PROPOSED] JUDGMENT AS TO DEFENDANT GREGORY NEU |

The Securities and Exchange Commission having filed a Complaint and Defendant Gregory Neu ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of

this Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five

1. dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R.
2. 240.3a51-1].

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from participating in the sale or offer to sell any security (including purported partnership interests) in an unregistered transaction.

## V.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from March 8, 2004, based on the rate of interest set forth by 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 1-25-08

_____
HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X]  U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On December 17, 2007, I served the document entitled **[PROPOSED] JUDGMENT AS TO DEFENDANT GREGORY NEU** on all the parties to this action addressed as stated on the attached service list:

[X]  **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]  **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]  **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]  **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[ ]  **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ]  **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]  **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X]  **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct.

Date: December 17, 2007

Joan Thomas

1

**SEC v. STEPHEN LUSCKO, et al.**
United States District Court – Central District of California
Case No. CV 07-2783 DDP (AGRx)
(LA-2848)

SERVICE LIST

Stephen Luscko
Register No. 72036-083
FCI Estill
P.O. Box 699
Estill, SC 29918

William F. Jung, Esq.
Jung & Sisco, P.A.
Wachovia Center
100 South Ashley Drive, Suite 1240
Tampa, Florida 33602
Telephone: 813-225-1988
Facsimile: 813-225-1392
Email: wjung@jungandsisco.com

Gregory Neu
Register No. 71729-083
Jesup FCI
2680 301 South
Jesup, GA 31599
*Pro Se*

Allan J. Sullivan, Esq.
Baker & McKenzie
Mellon Financial Center
1111 Brickell Avenue, Suite 1700
Miami, Florida 33131-2827
Telephone: 305-789-8900
Facsimile: 305-789-8953
Email: allan.sullivan@bakernet.com

Henry Zhang
4211 W. Sahara Blvd.
Las Vegas, NV 89102
Email: hryzhang@gmail.com
*President of China Score, Inc.*

Justin Medlin
Register No. 90347-111
Alexandria Detention Center
2001 Mill Road
Alexandria, Virginia 22314

Nina J. Ginsberg, Esq.
DiMuro Ginsberg, PC
908 King Street, Suite 200
Alexandria, VA 22314
Telephone: (703) 684-4333
Facsimile: (703) 548-3181
Email: nginsberg@dimuor.com

Dan Marmalefsky
Morrison & Foerster LLP
555 West Fifth Street, Suite 3500
Los Angeles CA 90013-1024
Tel. 213/892-5809
Fax: 213/892-5454
Email: dmarmalefsky@mofo.com
*Attorney for Relief Defendant Marc Primo Pulisci*