1 | DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
Email: VanHavermaatD@sec.gov
2 | MARC J. BLAU, Cal. Bar No. 198162
Email: BlauM@sec.gov
3
Attorneys for Plaintiff
4 | Securities and Exchange Commission
Rosalind Tyson, Regional Director
5 | Michele Wein Layne, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
6 | 5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
7 | Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED
CLERK, U.S. DISTRICT COURT

JUL 16 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

      Plaintiff,

      vs.

STEPHEN LUSCKO, GREGORY NEU,
JUSTIN MEDLIN, EMERGING
HOLDINGS, INC., MASSCLICK, INC.,
and CHINA SCORE, INC.

      Defendants,

and

LYONS CHECKSHOP, INC., MARC
PRIMO PULISCI, and TYSON SU

      Relief Defendants.

Case No. CV 07-2783 DDP (AGRx)

[~~PROPOSED~~] FINAL JUDGMENT
AS TO DEFENDANT STEPHEN
LUSCKO

1        The Securities and Exchange Commission having filed a Complaint and

2   Defendant Stephen Luscko ("Defendant") having entered a general appearance;

3   consented to the Court's jurisdiction over Defendant and the subject matter of this

4   action; consented to entry of this Final Judgment without admitting or denying the

5   allegations of the Complaint (except as to jurisdiction); waived findings of fact and

6   conclusions of law; and waived any right to appeal from this Final Judgment:

7                          **I.**

8        IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant

9   and Defendant's agents, servants, employees, attorneys, and all persons in active

10  concert or participation with them who receive actual notice of this Final Judgment

11  by personal service or otherwise are permanently restrained and enjoined from

12  violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of

13  1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated

14  thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of

15  interstate commerce, or of the mails, or of any facility of any national securities

16  exchange, in connection with the purchase or sale of any security:

17         (a)    to employ any device, scheme, or artifice to defraud;

18         (b)    to make any untrue statement of a material fact or to omit to state a

19                material fact necessary in order to make the statements made, in the

20                light of the circumstances under which they were made, not

21                misleading; or

22         (c)    to engage in any act, practice, or course of business which operates or

23                would operate as a fraud or deceit upon any person.

24                         **II.**

25       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

26  that Defendant and Defendant's agents, servants, employees, attorneys, and all

27  persons in active concert or participation with them who receive actual notice of

28  this Final Judgment by personal service or otherwise are permanently restrained

1    and enjoined from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C.

2    §§ 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable

3    exemption:

4        (a)   Unless a registration statement is in effect as to a security, making use

5                of any means or instruments of transportation or communication in

6                interstate commerce or of the mails to sell such security through the

7                use or medium of any prospectus or otherwise;

8        (b)   Unless a registration statement is in effect as to a security, carrying or

9                causing to be carried through the mails or in interstate commerce, by

10               any means or instruments of transportation, any such security for the

11               purpose of sale or for delivery after sale; or

12       (c)   Making use of any means or instruments of transportation or

13               communication in interstate commerce or of the mails to offer to sell

14               or offer to buy through the use or medium of any prospectus or

15               otherwise any security, unless a registration statement has been filed

16               with the Commission as to such security, or while the registration

17               statement is the subject of a refusal order or stop order or (prior to the

18               effective date of the registration statement) any public proceeding or

19               examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

20                       **III.**

21        IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

22   that Defendant is permanently barred from participating in an offering of penny

23   stock, including engaging in activities with a broker, dealer, or issuer for purposes

24   of issuing, trading, or inducing or attempting to induce the purchase or sale of any

25   penny stock. A penny stock is any equity security that has a price of less than five

26   dollars, except as provided in Rule 3a51-1 under the Exchange Act, 17 C.F.R.

27   240.3a51-1.

28   *

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from participating in the sale or offer to sell any security (including purported partnership interests) in an unregistered transaction.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 7-14-08

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

3