JS-6

DAVID J. VAN HAVERMAAT, Cal. Bar No. 175761
VanHavermaatD@sec.gov
MARC J. BLAU, Cal. Bar No. 198162
BlauM@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

FILED
CLERK, U.S. DISTRICT COURT
JUL 16 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN LUSCKO, GREGORY NEU, JUSTIN MEDLIN, EMERGING HOLDINGS, INC., MASSCLICK, INC., and CHINA SCORE, INC.<br><br>Defendants,<br><br>and<br><br>MARC PRIMO PULISCI<br><br>Relief Defendant. | Case No. CV 07-2783 DDP (AGRx)<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANT MASSCLICK, INC. |

Plaintiff Securities and Exchange Commission ("Commission") filed and served the Complaint in this action upon Defendant Massclick, Inc. ("Massclick"). Massclick failed to file an answer or otherwise respond to the Complaint. On October 26, 2007, the Clerk of the Court entered the default of Massclick pursuant to Fed. R. Civ. P. 55(a). Thereafter, the Commission moved for entry of a final judgment by default by this Court pursuant to Fed. R. Civ. P. 55(b)(2) with supporting papers showing service of the Summons and Complaint upon Massclick and its subsequent failure to answer or otherwise respond to the Complaint. Based upon the Commission's motion for entry of default judgment, the supporting memoranda of points and authorities, and the evidence and arguments presented with regard to the Commission's motion:

## I.

IT IS HEREBY ORDERED that the Commission's motion for entry of judgment by default against Massclick is GRANTED.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Massclick and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c), by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by

any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

Dated: 7-14-08

HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE